IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:14CR26 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| LARON GRAY, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant Laron Gray's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 125, supplemented at ECF No. 126.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant, Laron Gray, pled guilty to a single count of distributing 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841.   On December 30, 2014, he was sentenced to a term of 188 months incarceration and four years of supervised release.  He appealed his sentence to the United States Court of Appeals for the Eighth Circuit, arguing that his career offender status under the United States Sentencing Guidelines was negated by the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  On November 25, 2015, the Court of Appeals affirmed the sentence, noting

that the Defendant's guideline range would have been the same without the application of the career offender status, and rejecting the Defendant's arguments concerning his criminal history calculation.  See ECF No. 112.

On December 9, 2015, the Defendant filed a Motion to Reduce Sentence pursuant to retroactive amendments to the Guidelines affecting offenses related to cocaine base.  On March 31, 2016, this Court granted his Motion, and reduced his term of incarceration to 151 months.  See ECF No. 124.  The reduction in sentence was pursuant to a stipulation between the United States and the Defendant, and was calculated pursuant to the revised Guidelines, with **no** career offender enhancement. See ECF Nos. 116, 122.

## DISCUSSION

### I.   Ground One -

In his § 2255 Motion, the Defendant first reargues his claim that the *Johnson* decision should vacate his career offender status.  This issue is moot, because the Defendant was resentenced ***without*** the application of any career offender enhancement.

### II.   Ground Two -

Second, the Defendant asserts that the federal prosecutor breached a plea agreement by presenting evidence of Defendant's relevant conduct at the time of sentencing, causing certain of the Defendant's past crimes to be counted toward his criminal history calculation.

In its opinion of November 25, 2015, the Court of Appeals found that this Court did not abuse its discretion by considering such evidence and making findings that caused the criminal history points to be assessed for the Defendant's past crimes.  With respect to the

Defendant's new assertion that the prosecutor breached a plea agreement, the Court notes that there was no plea agreement in this case. When the Defendant submitted his Petition to Enter a Plea of Guilty, he affirmed that he had no plea agreement, and that no promises had been made to him to induce him to enter the plea. See ECF No. 56, Page ID 126. At the time the Court took the Defendant's plea, the Court questioned him at length to ensure that no promises had been made to induce him to enter his plea of guilty. See ECF No. 104, Page ID 392-93. The Defendant's assertion that the prosecutor breached a plea agreement by presenting evidence of the Defendant's relevant conduct at the time of sentencing is unsupported and contrary to the clear record in this case.

## CONCLUSION

For the reasons discussed, the Defendant's § 2255 Motion will be denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 125, supplemented at ECF 126;

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of March, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge